## Elias D. Baugher, Appt., *v.* John Conn.

In all cases in which an action of account would be a proper remedy at law, the jurisdiction of a court of equity is undoubted, and it extends not only to mutual accounts but also to accounts all upon one side, but complicated and intricate.

Where a case is to be determined on bill and answer, the defendant's averments on information and belief will not be regarded as meeting the

positive allegations of the bill, nor entitle him to the benefit of the rule in equity, that if the defendant in express terms negatives the allegations of the bill, and the evidence of only one person affirms what has been so negatived, the court will neither make a decree in favor of the plaintiff nor send the cause to be determined by a trial at law.

A check duly paid through the bank is prima facie evidence of the payment of a debt.

The statute of limitations is not a bar in mutual accounts.

Where a plaintiff in a bill in equity for an account could have taken a decree for a portion of his claim upon the filing of the defendant's answer, but instead of so d·ing goes into proof of the balance and is defeated, he is required to pay all the costs except so much as might fairly have been charged to the defendant had the bill related to the admitted portion of his claim only.

(Decided April 4, 1887.)

January Term, 1886, No. 138, E. D.   Appeal from a decree of Common Pleas No. 1 of Philadelphia County sustaining exceptions to a master's account.   Affirmed.

Reported below: 1 Pa. Co. Ct. 184.
Bill in equity for an account.

The facts as found by the master were stated in the opinion of the court below, by ALLISON, P. J., which was as follows:

The plaintiff's claim is founded on transactions between the parties to this suit, which began prior to 1873, and continued to 1879, inclusive.

These transactions consisted of loans of money by each to the other, the payment of taxes and dues to building associations by plaintiff for defendant, and the collection of rents.

The plaintiff, in his account filed with the bill, claimed that there was owing to him the sum of $4,313.67; the master finds the true balance due to plaintiff, upon the account stated, to be $3,583.41, and that defendant should account to the plaintiff and pay to him the further sum of $759, being the one half part of the principal of a ground rent of $1,200, with interest, claimed under the sixth paragraph of the bill.

The defendant, in his answer, admits that plaintiff is joint owner with him of the rent in question, issuing out of a lot of ground which belonged in equal parts to plaintiff and defendant, and that there had been paid to him one half yearly payment of $30 of the annual rent.

The averments of the fourth paragraph of the bill, in which the plaintiff claims a balance, on general account, of $4,313.67, are denied in the answer in the following language: "I deny the facts averred in the fourth paragraph of the bill, and aver, on my best information and belief, that the plaintiff has been fully repaid all sums due and owing to him, and paid on account of respondent."

The form of denial does not entitle the defendant to the benefit of the rule in equity, that where the defendant in express terms negatives the allegations in the bill, and the evidence of one person only affirms what has been so negatived, the court will neither make a decree in favor of plaintiff, nor send the cause to be determined by a trial at law. Dan. Ch. 983, 1st Am. ed. 1847.

This principle is not applicable to the present case, because the denial by defendant in his answer to the claim of an indebtedness to plaintiff is not positive in its terms. It is qualified by the statement "upon my best information and belief." This is not sufficient of itself to overcome the positive assertion of the plaintiff of the defendant's indebtedness, as set out in the fourth section of his bill.

When a case in equity is to be determined on the averments of the bill and answer, the latter will not be regarded as meeting the allegations of the bill when the defendant is not positive in his denial; or when the facts are not of defendant's own knowledge. It is not sufficient to state facts inferentially, or according to knowledge and belief.

This case, however, is not to be decided on bill and answer, the parties having taken their proofs, which, to a great extent, consist of the testimony of the plaintiff and defendant, the latter being corroborated in material portions of his testimony by that of David Conn. No witness was called to maintain the case of the plaintiff as set forth in his bill, or as it is supported by his testimony taken before the examiner; but the master finds corroborating circumstances which, in his judgment, establish the indebtedness of the defendant, and reports a decree against him for $4,342.41.

The case as it stands, upon the testimony of the parties, we regard as falling short of proof of plaintiff's demand, because all that is asserted by him is fully contradicted by the testimony of the defendant, saving as to the matter of the ground rent; as

to every other item of claim the case would stand as oath against
oath, except in so far as the testimony of David Conn corrobo-
rates the testimony of the defendant.   The master, however,
finds in favor of the plaintiff, because, as he states, the plaintiff
having testified that his accounts, as set forth in exhibits A and
B, are "just and true," has supported his statement, by refer-
ence to his diaries, for the years 1873 to 1879, which enabled
him to testify from a memory refreshed, and that the entries
corroborate the sworn statements of the plaintiff as to the mat-
ters in dispute.

The master also gives weight to the production, by plaintiff,
of checks, drawn by plaintiff to the order of John Conn, by him
indorsed, and bearing the usual evidence of having been de-
posited to his credit in bank, and relies on the production, by
plaintiff, of tax receipts, bank deposit books, and what he desig-
nates loose memoranda; of what the loose memoranda consisted
does not appear, nor are the tax receipts and bank books set
forth or particularized by the master in his report.

We are unable to agree with the master in giving to these sev-
eral circumstances the weight which he attaches to them.   The
diaries we regard as entitled to little or no consideration, be-
cause of the imperfect and irregular manner in which they were
kept; they are, perhaps, justly liable to be criticised, as af-
fording ample opportunity for such insertions and additions
as the exigencies of the plaintiff's case might require.   The de-
fendant claims that on their face they evidence the fact of
alterations which favor the contention of the plaintiff; re-
ferring to and pointing out the insertion of the word "loan" in
one instance, and a change in the figures $35 to $350.   But
many of the entries on their face bear much more strongly in
support of the contention of the defendant than that of the plain-
tiff, the defendant contending that they are evidence of the re-
payment of sums of money loaned by him to the plaintiff, and
are not, as the latter contends, memoranda of money loaned or
advanced to the defendant.

These entries, in many instances, are entered as paid to Conn
or John Conn so much money, and in only three or four times
are they entered as loans to the defendant, which greatly
strengthens the testimony of John Conn and of David Conn,
that the plaintiff was, in the great majority of instances, the bor-
rower from the defendant, and that these loans were usually re-

turned to him in a short time after they had been made. From their testimony it appears that the amicable relations between the parties began to weaken from the time when the defendant became importunate in his demands for an account from the plaintiff, and refused finally to make further loans until an account should be furnished.

Nor can we agree with the master that the checks produced by plaintiff, drawn by him to defendant's order, and by defendant indorsed, are, in themselves, evidence of loans of money by plaintiff to defendant. The proper legal inferences from these premises are that, standing by themselves, they imply a payment to defendant of money due by plaintiff to defendant, and are not to be regarded as evidences of loans by the former to the latter.

In the case of Flemming v. McClain, 13 Pa. 177, it is ruled that a check made payable to A B, or bearer, is not evidence of money lent or advanced by the drawer of the check to A B. Judge Rogers remarks: The presumption is that it is given in payment of a debt, or that cash was given for it at the time.

The same principle is asserted in Patton v. Ash, 7 Serg. & R. 125, and in Masser v. Bowen, 29 Pa. 128, 72 Am. Dec. 169.

It may therefore be affirmed that, prima facie, these checks corroborate the defendant's testimony that they were, in fact, payments by plaintiff, for money loaned to him, and of collections of rents belonging to the defendant.

That the defendant, toward the close of the continuance of amicable relations between the parties, became anxious to procure a statement of the account between them, and called on plaintiff repeatedly to furnish it to him, is not only not denied but is confessed by the plaintiff. This call was made on the plaintiff because, as defendant testifies, he trusted to the plaintiff to keep the account of all transactions between them. The admission of the plaintiff is coupled with the statement that he did not comply with this demand for a considerable time, giving unreasonable excuses for his delay, assigning as a reason for not more promptly complying with the call that he did not want Conn to think he was greedy for his money.

In the spring of 1879 the account for which defendant repeatedly asked was furnished by the plaintiff; it includes the years 1873 to 1878, and a portion of the year 1879; the balance which the plaintiff claimed was due to him was $215.26,

and no other or larger amount was thereafter demanded for a period of four years and upwards, nor was any other account presented until at or after the time of the filing of the bill, when accounts A and B, before referred to, were stated. When plaintiff was interrogated upon this subject he could give no satisfactory reason for this inconsistent action, saying that the account first furnished was of a joint speculation in real estate known as the Clearfield property. When reminded that this transaction had been closed before 1873, he assigned different and contradictory reasons for so doing at different stages of his examination; the reason given when under examination in chief differing from that furnished by him when called in rebuttal.

An examination of the testimony of the plaintiff shows that it is inconsistent with itself, and in our judgment is not sufficient to justify the findings of the master—even when considered along with that which he holds corroborates the oath of the plaintiff. The chief difficulty in reaching a satisfactory conclusion as to the exact state of the accounts between the parties arises from the fact that regular books of account were not kept by either the plaintiff or the defendant. The excuse for such failure may, perhaps, be found in the fact that neither of the parties appears capable of keeping correct accounts. This is their misfortune; but, as it is incumbent on the plaintiff to establish his claim by competent proof before he can be entitled to a decree in his favor, and as such proofs, in our opinion, have not been presented, it follows that the decree reported by the master cannot be sustained.

We are compelled to this conclusion because the plaintiff's testimony is not only inconsistent with itself, but because of the want of the necessary corroboration which equity practice requires, and also because the fact is shown clearly by the evidence of John and David Conn that during the time when plaintiff says Conn was borrowing money from him, the return of which he now claims, he not only frequently borrowed money from Conn, but from time to time returned it to him.

We also add that we do not concur with the contention of the defendant, of a want of jurisdiction in equity to entertain a bill for a cause of action such as exists in this case. The well-settled principle cited by the master, as stated in Bispham's Equity, 484, rules the point that in all cases in which an action

of account would be a proper remedy at law, the jurisdiction of a court of equity is undoubted, and that the jurisdiction extends to mutual accounts, and also where the account is all on one side, but is complicated and intricate.

It cannot be successfully maintained that the accounts here are not mutual. The account, as stated by the master, is conclusive of this question, because it shows important items of demand which the defendant established as due to him by the plaintiff. Nor do we disagree with the conclusions of the master that the account between the parties was intricate and complicated, and hold with him that there was not such laches as would prevent a recovery by plaintiff if he had been able to prove his claim against defendant. We also hold that the statute of limitations would not bar the portions of plaintiff's claim older than six years prior to the filing of the bill. If the accounts are to be regarded as mutual accounts, the statute does not apply, and, as the master says, it was not pleaded; the bill was not demurred to on that ground, neither does the defendant claim its benefit in his answer.

The bill cannot be dismissed for the reasons mentioned; and if there was no other ground for sustaining it, the fact that the defendant stood in the relation of trustee for the plaintiff for the one half part of the principal of the ground rent, and of the annual rent which the defendant collected, or ought to have collected, would be conclusive against the contention of the defendant that the bill should be dismissed for want of jurisdiction.

The lot of ground which the defendant let on ground rent was the joint property of the two, the title (we assume) being in the name of the defendant, and, as the rent was reserved to himself, a bill for an account or for partition of the property and for discovery could have been successfully maintained.

But this is all for which, under the proofs and the admissions of the defendant, the plaintiff is entitled to a decree; and this decree could have been taken on the coming in of the answer, which would have saved a protracted and expensive controversy; and, as to all that is beyond this, the plaintiff having failed to make out a case against the defendant, he should be required to pay all the costs, excepting so much as might be fairly charged against the defendant had the bill related to the ground rent alone. The proportion of the costs to be paid by the

defendant we fix at the sum of $50; the remaining part of the costs we direct shall be paid by the plaintiff.

The report of the master is set aside as to all matters therein referred to, except such portions of the same as refer to plaintiff's claim for ground rent, as set forth in the sixth paragraph of his bill, as to which the master's finding supports the demand of the plaintiff; this portion of the report is hereby confirmed, and the reported decree for $729 in favor of plaintiff, for this portion of his claim, we order to be entered as the decree of the court in favor of plaintiff for said amount.

Decree accordingly.

The assignments of error specified the action of the court: (1) In setting aside the master's report and in entering the decree; (2) in ordering that all the costs, except $50, should be paid by the appellant; (3) in not approving the account stated by the said master in his report; (4) in not making a decree that the defendant should pay the plaintiff the sum of $4,342.44, the balance found by the master to be due to said appellant; and (5) in not making a decree that all the costs should be paid by defendant.

*H. W. Gimber* and *David W. Sellers* for appellant.

*Jerome Carty* and *John G. Johnson,* for appellee.—There was no jurisdiction in a court of equity to decree the payment to Conn of moneys loaned to him by Baugher. The remedy for recovery of such loans was by an action at law.

A bill or action for account only lies at the instance of one to whom the defendant owes a duty to account.

A bill does not lie by an agent against his principal to compel him to account for moneys expended by the former. The duty of an accounting is upon the former, not upon the latter.

A bill in equity will not ordinarily lie on behalf of an agent against his principal, where the ground for invoking the jurisdiction is discovery, for it is the duty of the agent, and not that of the principal, to keep the accounts. But where the accounts are mutual, or there is such a complication as to render the interference of a court of equity necessary; or where the nature of the employment (as for example, that of a steward) is such

that money is often paid in confidence without vouchers, such a bill will lie. Bispham, Eq. § 484.

In Smith v. Leveaux, 2 De G. J. & S. 1, where a trading firm agreed to give to an agent a commission at a different rate on orders not obtained by himself, but given by persons first introduced by him, it was held that the fact that the agent must in general be ignorant of the latter class of orders did not entitle him to file a bill against his principals for an account of what was due to him for the commission but that his remedy was at law.

In Gloninger v. Hazard, 42 Pa. 401, it was held: "There is no doubt of our concurrent jurisdiction, with courts of law, in matters of account where the accounts are mutual and complicated, and also where they are all one side, but discovery is sought, and is material to the relief. In the first class of cases a bill in equity is generally preferable to account render; and as discovery is peculiarly a chancery jurisdiction, a court of equity, to prevent multiplicity of suits, will, when it has legitimately acquired jurisdiction over the cause for purposes of discovery, entertain the suit for relief, and dispose of every connected topic of dispute. But, on the other hand, where the accounts are all on one side, and no discovery is sought or required, courts of equity will decline taking jurisdiction of the cause."

In Padwick v. Hurst, 18 Beav. 575, it was held: "A mere general allegation in a bill for an account that the accounts are complicated will not prevent a demurrer, unless there are sufficient facts stated in the bill to justify that conclusion.

"The fact of a person receiving money for his principal, and paying money for him or to him, and lending him money, where the account consists simply in receipts and payments by the agent, to or on behalf of the principal, does not constitute a case of mutual accounts, so as to justify the agent in filing a bill against his principal for an account."

The question of jurisdiction need not be raised by demurrer, but can be made at any stage of the proceedings. Wiser's Appeal, 9 W. N. C. 508; Grubb v. Grubb, 7 W. N. C. 349.

The answer denied the claim of the bill. It was responsive, and was entitled to the weight of two witnesses. See Peacock v. Chambers, 3 Grant Cas. 398; Eaton's Appeal, 66 Pa. 483; Cresson's Appeal, 91 Pa. 168; Burke's Appeal, 99 Pa. 350.

The claim of the plaintiff rested solely upon his own oath. It was met by the oath of the defendant. Under such circumstances there could have been no recovery if there had been no other testimony. A chancellor will not decree relief where there is an equilibrium of testimony.

PER CURIAM:

This case presents an issue of disputed facts. The evidence is conflicting. We concur with the conclusions of the learned judge, and the reasons given therefor in his able and clear opinion. We see no error in his modification of the report of the master, nor in the division of costs.

Decree affirmed and appeal dismissed, at the costs of the appellant.